Copies Mailed/Faxed 10\15\20
Chambers of Vincent L. Briccetti

USDC SDNY
DOCUMENT
ELECTRONICALLY
DOC #:
DATE FILED: 10/5/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROSHEEN HILLIARD,

               Movant,

-against-

UNITED STATES OF AMERICA,

               Respondent.

20-CV-8151 (VB)

17-CR-0035-01 (VB)

ORDER

---

VINCENT L. BRICCETTI, United States District Judge:

    Movant Rosheen Hilliard, currently incarcerated in the Fort Dix Correctional Institution in New Jersey, brings this *pro se* "Judicial Notice," in which he challenges the Court's jurisdiction in *United States v. Hilliard*, ECF 7:17-CR-0035-01, 109 (S.D.N.Y. Oct. 12, 2018). For the following reasons, the Court construes the submission as a motion for relief under 28 U.S.C. § 2255.

## BACKGROUND

    Hilliard was convicted of conspiracy to distribute 100 grams or more of heroin and was sentenced to 108 months' imprisonment. *See Hilliard*, ECF 7:17-CR-0035-01, 109. He appealed, and on December 6, 2019, the Second Circuit affirmed his conviction. *United States v. Drayton*, 796 F. App'x 24 (2d Cir. 2019). On September 29, 2020, Hilliard filed this "Judicial Notice," challenging the Court's jurisdiction over his person and asserting he was denied due process.

## DISCUSSION

    Hilliard's application must be construed as a motion for relief under 28 U.S.C. § 2255 because he challenges the Court's jurisdiction, which is a challenge to the validity of his conviction and sentence. *See Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) (Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and

sentence"). If Hilliard does not want to pursue relief under § 2255, he may notify the Court in writing within sixty days that he wishes to withdraw the application. *See Castro v. United States*, 540 U.S. 375, 383 (2003); *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) (*per curiam*). Hilliard should note that a criminal defendant generally has one opportunity within the limitations period for a full adjudication of his claims in a § 2255 motion. If Hilliard does not inform the Court of his intent within sixty days, the application will remain designated as a § 2255 motion.

## CONCLUSION

The Court finds that this motion, notwithstanding its designation, should be construed as a motion pursuant to 28 U.S.C. § 2255. If Hilliard does not want to pursue relief under § 2255, he may notify the Court in writing within sixty days that he wishes to withdraw his motion. If Hilliard does not inform the Court of his intent within sixty days, the application will remain designated as a § 2255 motion, and the Court will direct the U.S. Attorney's Office to file an answer or other pleadings in response to the motion. No answer shall be required at this time.

Because Hilliard has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: October 5, 2020
White Plains, New York

_____
VINCENT L. BRICCETTI
United States District Judge